Heather DENTON and Christopher Denton, by their natural mother and next friend, Paula JAMISON, Plaintiffs,

v.

UNITED STATES of America and Cushing Memorial Hospital, Defendants.

Civ. A. No. 87–2536–V.

United States District Court, D. Kansas.

March 6, 1990.

Robert L. Shirkey, James M. Slone and Marcus B. Potter, Jr., Kansas City, Kan., and Thomas J. Erker, Overland Park, Kan., for plaintiffs.

Lee Thompson, U.S. Atty., and Robert A. Olsen, Asst. U.S. Atty., Kansas City, Kan., for defendant U.S.

Sally H. Harris, Wallace, Saunders, Austin, Brown and Enochs, Chtd., Overland Park, Kan., for defendant Cushing Hosp.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter comes before the court on defendant Cushing Memorial Hospital's motion to dismiss (Doc. 95) and motion for summary judgment (Doc. 97). Plaintiffs Heather Denton and Christopher Denton, by their natural mother and next friend, Paula Jamison, oppose both defendant's motion to dismiss (Doc. 102) and defendant's motion for summary judgment (Doc. 113). We will consider these motions in sequence.

For purposes of resolving the motions presently before the court, the relevant facts appear as follows. This is a wrongful death action which has been brought by the children of Paul David Denton. Mr. Denton was a prisoner at the Federal Penitentiary in Leavenworth, Kansas. Defendant Cushing Memorial Hospital ("Hospital") is a medical hospital licensed by the Department of Health and Environment of the State of Kansas. It is located in Leavenworth, Kansas.

On September 10, 1986, Mr. Denton was admitted from the penitentiary to the Hospital complaining of chest pains and tingling in his arms. On September 14, 1986, while in the care of the Hospital, Mr. Denton died—apparently of heart-related trouble.

Plaintiffs, who are Arkansas residents, filed a federal tort claims action against

the United States and Phillip Hill, M.D., an employee of the United States, pertaining to Dr. Hill's treatment of prisoners. The plaintiffs brought the action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Plaintiffs eventually amended their Complaint to include a claim against the Hospital, and, at the same time, dismissed Dr. Hill as a defendant. The plaintiffs, in their Complaint, allege that there was medical negligence on the part of Dr. Hill, an employee of the United States, and on the part of the nurses at the Hospital which caused or contributed to the death of Mr. Denton.

### Motion to Dismiss

█ Defendant Hospital moves for an order of the court dismissing it from this action pursuant to Fed.R.Civ.P. 7, 12(b)(1) and 12(b)(2) for lack of personal and subject matter jurisdiction. Since the Hospital fails to show that personal jurisdiction is at issue, we shall only consider the question of subject matter jurisdiction.

The Hospital claims that plaintiffs fail to allege a jurisdictional basis for their claim against the Hospital. To support this assertion the Hospital relies on a recent Supreme Court decision, *Finley v. United States*, — U.S. —, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In *Finley*, the United States Supreme Court held that the Federal Tort Claims Act, which confers jurisdiction on federal courts over civil actions against the United States, does not permit assertion of pendent jurisdiction over additional parties as to which *no independent basis for federal jurisdiction exists. Id.*, 104 L.Ed.2d at Syl. para. 1 (emphasis supplied). An example of an independent basis for federal jurisdiction in this context is diversity of citizenship, pursuant to 28 U.S.C. § 1332. *Id.* — U.S. at —, 109 S.Ct. at 2005, 104 L.Ed.2d at 600.

Although it is not specifically alleged in plaintiff's First Amended Complaint, it is evident that diversity of citizenship, pursuant to 28 U.S.C. § 1332, exists between plaintiffs and defendant Hospital. Since it is clear from the record that there is an independent basis for jurisdiction, plain-tiffs' claim is not pendent. The rule in *Finley* is inapposite. We must therefore deny defendant Hospital's motion to dismiss for lack of subject matter jurisdiction.

### Motion for Summary Judgment

█ The court is familiar with the standards governing the consideration of a motion for summary judgment. Summary judgment shall be granted if the documentary evidence of the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

The necessary facts underlying the basis for this motion have previously been set forth. The following additional facts are relevant to the motion. In proceeding in its medical negligence claims against the United States and the Hospital the plaintiffs identify two expert witnesses, Suraja Ahuja, M.D., and Leonard Mennen, Jr., D.O. The court has been provided with the relevant portions of the doctors' depositions for the purposes of this motion.

Dr. Ahuja is a medical doctor who has had extensive training in the field of cardiology. He is presently associated with Baptist Medical Center and St. Joseph Medical Center in Kansas City, Missouri.

Dr. Mennen is a doctor of osteopathy. He has never been on the staff of a medical hospital and has only served on the staffs of osteopathic hospitals. From 1984 to 1988 Dr. Mennen served on the faculty of the University of Health Sciences, the staff of its hospital, and was a member of the Clinical Associates, all in Kansas City, Missouri. He is presently associated with The Chicago Osteopathic Medical Centers in Chicago, Illinois. Dr. Mennen's field of expertise is cardiology, including cardiac catheterization.

The Hospital's principal argument is that, in light of the undisputed facts, the testimony of the plaintiffs' expert witnesses is not sufficient to establish a cause of action against it. The Hospital argues that Dr. Ahuja has testified that it was not negligent in providing care for the decedent. The Hospital also argues that Dr. Mennen is not qualified under Kansas law, K.S.A. 60–3412, to testify as an expert witness as to the standard of care required of "medical" hospitals. Therefore, the Hospital insists, that since plaintiffs cannot show by an expert witness that it was negligent, it is entitled to summary judgment. *See, e.g., Chandler v. Neosho Memorial Hospital*, 223 Kan. 1, 5, 574 P.2d 136 (1977).

K.S.A. 60–3412 outlines the threshold criteria that a physician must meet to qualify as an expert witness in a medical malpractice case in Kansas. It provides as follows:

> In any medical malpractice liability action ... in which the standard of care given by a practitioner of the healing arts is at issue, no person shall qualify as an expert witness on such issue unless at least 50% of such person's professional time within the two-year period preceding the incident giving rise to the action is devoted to actual clinical practice in the same profession in which the defendant is licensed.

The Hospital claims Dr. Mennen is not qualified under this statute. Plaintiffs, however, argue that Fed.R.Evid. 702 displaces this statute and that Dr. Mennen qualifies as an expert under the Federal Rules.

We conclude that the Kansas statute applies to the present case under Fed.R.Evid. 601. Rule 601 states in pertinent part that "... with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." *Id.* This is a medical malpractice action. Medical malpractice is a matter of state law. In the present case Kansas law provides the rule of decision. Therefore, K.S.A. 60–3412 governs our determination of Dr. Mennen's competency to testify as an expert witness. Fed.R.Evid. 601.

We conclude that Dr. Mennen is qualified to testify as an expert under K.S.A. 60–3412. The statute, as stated above, delineates certain requisite qualifications of a would-be medical malpractice expert witness. He or she shall have spent "at least 50% of [his or her] professional time within the two-year period preceding the incident giving rise to the action devoted to the actual clinical practice *in the same profession* in which the defendant is licensed." K.S.A. 60–3412 (emphasis supplied). We, however, do not read "in the same profession" as narrowly as defendant Hospital. Both medical and osteopathic hospitals provide health care; both may be held to the same standard of care concerning the providing of health care; and both are licensed and regulated by the state of Kansas. *See* K.S.A. 65–425 *et seq.* Dr. Mennen, an osteopath with a background in cardiology, is therefore competent under K.S.A. 60–3412 to give an opinion as to the applicable standard of care.

We further conclude, under Fed.R.Evid. 702, that Dr. Mennen's testimony will assist the trier of fact in understanding evidence or determining a fact in issue. We think that plaintiffs have demonstrated to the court that Dr. Mennen is skilled or experienced in the profession to which the subject relates and that he is qualified to impart this knowledge to the jury. The defendant will have every opportunity to cross-examine Dr. Mennen. At that time it may attack the credibility and the accuracy or authority for Dr. Mennen's opinions and to otherwise stress deficiencies of his testi-

mony. It is the duty of the trier of fact to determine the credibility of a witness.

We believe that if Dr. Mennen is qualified to testify as an expert witness, and to offer testimony as to his opinions relating to whether or not defendant Hospital met the applicable standard of care in its provision of health care services to plaintiff's decedent, then plaintiffs have satisfied their burden to rebut the matters asserted by defendant in its motion for summary judgment. A substantial question of fact remains for determination by the trier of fact, and thus the motion for summary judgment of defendant Cushing Memorial Hospital must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Cushing Memorial Hospital's motion to dismiss and motion for summary judgment are denied.

IT IS SO ORDERED.